United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Peter A Adebanjo  
Doris I Stiene-Adebanjo  
    Debtors

Case No. 18-10284-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: ChrissyW      Page 1 of 1      Date Rcvd: Jan 14, 2019  
                         Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 16, 2019.  
db/jdb       Peter A Adebanjo,   Doris I Stiene-Adebanjo,   508 Benson Ln,   Chester Springs, PA 19425-3644

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                  TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.                                                  TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 16, 2019                                        Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 14, 2019 at the address(es) listed below:  
          JEROME B. BLANK   on behalf of Creditor   U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF3 paeb@fedphe.com  
          JEROME B. BLANK   on behalf of Creditor   U.S. Bank National Association, As Trustee et al paeb@fedphe.com  
          KENNETH E. WEST   on behalf of Joint Debtor Doris I Stiene-Adebanjo dwabkty@aol.com, G6211@notify.cincompass.com  
          KENNETH E. WEST   on behalf of Debtor Peter A Adebanjo dwabkty@aol.com, G6211@notify.cincompass.com  
          REBECCA ANN SOLARZ   on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
          THOMAS YOUNG.HAE SONG   on behalf of Creditor   U.S. Bank National Association, As Trustee et al paeb@fedphe.com  
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov  
          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                                 TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Peter A. Adebanjo<br>Doris I. Stiene- Adebanjo<br>     Debtors | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>     Movant<br>vs. | NO. 18-10284 ELF |
| Peter A. Adebanjo<br>Doris I. Stiene- Adebanjo<br>     Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>     Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through December 29, 2018.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due January 29, 2019 in the amount of $363.00.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within THIRTY (30) days of the date of said notice. If Debtor(s) should fail to cure the default within thirty (30) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan, and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 4, 2019

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/9/19

Kenneth E. West, Esquire
Attorney for Debtors

Date: 1/10/19

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights or remedies.

# ORDER

Approved by the Court this 14th day of January, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank